RATHBURN v. JONES.

1. EVIDENCE—COLLATERAL—NOTE.—A certificate of stock pledged as collateral to a note, may properly be admitted in evidence in a suit upon the note.

2. IBID.—CONVERSATION—NOTE.—The whole of a conversation with defendant about the payment of a note is competent evidence in an action upon the note when payment is denied.

3. INSTRUMENT—COLLATERAL—NOTE.—An instrument may legally include a promise to pay, and a pledge of collateral to secure its payment, over one signature.

4. SALE—COLLATERAL.—It is not error in the Circuit Judge in this case to order the pledged collateral sold at instance of either party.

5. WORDS AND PHRASES.—The words, "without recourse," as used in the instrument sued on here, properly held to apply *only* to the stock pledged.

Before TOWNSEND, J., Yorkville, November, 1895. Affirmed.

Action by J. G. Rathburn against John F. Jones, on a written instrument for payment of money. Judgment for plaintiff. Defendant appeals.

*Mr. N. W. Hardin,* for appellant, cites: *Contract:* 2 Bla. Com., 446. *Payment:* 2 Bail., 359; 1 Rich., 38; 21 S. C., 141. *Evidence:* 19 S. C., 607. *Recourse:* Danl. Neg. Inst., 670, 700; 51 Minn., 171; 60 Ala., 461; 14 S. & R. (Pa.), 324.

*Mr. C. E. Spencer,* contra, cites: *Liability:* 1 Dan. Neg. Inst. (2d ed.), 554; 44 Me., 433 (69 A. D., 111).

July 16, 1896. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action came on to be heard before his Honor, Judge Townsend, a jury trial having been waived. Judgment was rendered in favor of the plaintiff

for the sum of $1.026.24 and costs. From this judgment an appeal was taken on six grounds, as follows:

1. Error in permitting the certificate of stock in the Carolina Sulphuric Acid Manufacturing Company to be offered in evidence, over defendant's objection that the same was not admissible in evidence upon any issue made by the pleadings. 2. Error in permitting the plaintiff's witness, Thos. F. McDow, over the defendant's objection, to state a conversation had with the defendant, there being no issue before the Court except upon the construction of the paper sued upon, which must speak for itself—that is to say, error in permitting the introduction of all of such conversation over and above the statement that no money had been paid on the paper since its execution. 3. Error in finding that the paper sued upon was a "note." 4. Error in finding that there was any personal liability on the defendant upon exhibit "A;" error in finding that there was due thereon from the defendant to the plaintiff the sum of $1.026.24, and error in adjudging that the plaintiff was entitled to recover that sum from the defendant. 5. Error in ordering that "either the plaintiff or defendant may have the said stock sold by the clerk of this Court at public auction," the action not having been brought for any such purpose. 6. Error in not dismissing the complaint, the action having been brought upon the supposed personal liability of the defendant, against which he had fully protected himself in the paper executed by him, in providing that there should be no recourse upon him, if the claim of the plaintiff could not be realized out of the certificate of stock.

The complaint of the plaintiff set out in the first paragraph, that on the 6th day of December, 1894, at Blacksburg, S. C., the defendant, John F. Jones, made and delivered to the plaintiff his promissory note, of which the following is a copy: "Blacksburg, S. C., December 6th, 1894.— $1,000. Six months and twenty-four days after date, I promise to pay to the order of J. G. Rathburn one thousand dollars, with interest from maturity. And to better secure

the payment of the same, the attached certificate No. 184, for twenty shares of the stock of the Car. Sulph. Acid Mfg. Co., is herewith deposited as collateral without recourse. Jno. F. Jones." In its second paragraph, that the note or any part thereof has not been paid. In its third paragraph, that the defendant is a resident of York County, S. C. The prayer for judgment is: "1. That the plaintiff be allowed to turn over to this Court the aforesaid certificate of twenty shares in the Carolina Sulphuric Acid Manufacturing Company, to be held by this honorable Court as security for whatever judgment may be recovered by the plaintiff against the defendant herein. 2. For judgment against the defendant for the sum of $1,000, and interest thereon from the 30th day of June, 1895. 3. For such other and further relief as to the Court may seem just and proper."

The defendant, by his answer, set up, *first*, "that he denies that he executed a promissory note to the plaintiff, but admits that he executed a paper, and delivered the same to the plaintiff, and he believes that the copy paper set out in the complaint is a true copy of the paper which he did so execute and deliver, upon which there is no personal liability on the part of the plaintiff;" and, *second*, "that he denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second section of the complaint." Wherefore the defendant prays that the Court may order the sale of the stock held by the plaintiff, and the proceeds applied to the costs of this case, and enough of the balance paid to the plaintiff to satisfy the amount that he should receive; and if there still be a balance, that the same be paid to the defendant.

Now, let us examine the exceptions in their order. First exception relates to the admission in evidence of the certificate of stock, being the twenty shares in the Carolina Sulphuric Acid and Manufacturing Company, assigned as collateral by the defendant to the plaintiff. We are at a loss to apprehend the validity of this objection. Both sides to the controversy here admit the stock was

pledged as security for the debt. Both sides in their plead-
ings pray the Court to take charge of it Why, therefore, is
there any valid objection to having it turned over to the
Court to see? it may be that its terms made it free from any
obstacle to a sale of it. This exception is overruled.

As to the second exception, it, too, must be overruled,
for in the second paragraph of the complaint it was dis-
tinctly alleged that the said note—that is, the obligation
which was set out if full in the first paragraph of the
complaint, had not been paid; and in the second
paragraph of the answer, the truth of such allegation
in the complaint is denied, on information and belief. This
witness, Mr. McDow, at plaintiff's request, had gone to him
for payment of the debt. In their interview, Mr. Jones, the
defendant, had not denied the validity of this debt or claimed
that it was paid. Indeed, his every effort in that interview
was to obtain a freedom from pressure for payment. It was
very proper that the whole conversation on this subject
should appear, and this was all that was testified to by this
witness.

We will next consider the third exception. We do not
find error in this finding of the Judge. It seems to us, that
in the execution of the paper by the defendant, he had two
intentions—one to give a note for a certain sum of money,
to be paid by the maker to the plaintiff on his order
at a certain time, and with a fixed period when in-
terest should commence. Another, to pledge in
in writing a certain *chose in action*, to further secure the
debt. That both the note and the hypothecation of the
stock should appear in the same instrument, will not change
the legal effect of the instrument. It is a note, and more
besides. It is usual with banks to first state the note, and
then, on the same paper, provide for the collateral being
pledged—each being signed by the maker and pledger; but
it will make no difference in law, that only one signature
is had to cover the promise to pay, as maker, and the pledge
of stock as security to such promise to pay.

Nor as to the fifth exception, can we discover any reasonable error. It is true, that the plaintiff in his complaint asks for a judgment against the defendant for the amount due, both principal and interest. But he does more; he also asks the Court to receive the stock pledged by the defendant to the plaintiff to secure his debt, as a security for whatever judgment he may obtain against the defendant; and he closes his complaint with a prayer for such other and further relief as to the Court may seem just and proper. And what does the defendant set out in his answer on this subject? Why, he actually asks the Court to order the sale of this very stock, and make application of the proceeds, first, to pay costs; second, to the debt of the plaintiff; and third, to pay to the defendant any balance thereafter remaining. The Circuit Judge, with a nice regard to the rights of both parties, allows each one of them to require a sale of this stock.

Lastly, we will consider the sixth exception. We cannot adopt the view of the appellant in his construction of the words, "without recourse," which occur at the close of the paper executed by the defendant on the 6th of December, 1894. It is true, the whole instrument should be construed. But it is also true, that when it is manifest that certain words used in the instrument have a limited effect—that is, that they only apply to a part of the instrument and not the whole—then it is a duty, in a construction of such instrument, to limit such words to that part of the instrument intended to be affected and not to the whole. To us it seems plain that the Circuit Judge was guilty of no error, when he applied the words, "without recourse," to the stock pledged, so as not to interfere with the validity of the promise to pay $1,000 and interest.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.